UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO: 8:05-CR-404-T-24TGW

WILLIAM D. COOK
_____/

**O R D E R**

**THIS CAUSE** comes on for consideration of Defendant's Motion for a Reduction in Sentence in Accordance with Retroactive Change in the Sentencing Guidelines (D-102).

The United States Sentencing Commission has promulgated Amendment 750 lowering the base offense level for cocaine base (crack cocaine) offenses effective November 1, 2011. The Commission decided this Amendment should be applied retroactively.

A review of the memorandum of the United States Probation Office dated May 30, 2012 reflects that the motion should be DENIED.

Title 18, section 3582(c)(2) provides that the district court has the discretion to modify a term of imprisonment after it has been imposed as follows:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant...the court may reduce the term of

imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Section 1B1.10(a) of the Sentencing Guidelines specifically provides that a reduction in a defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2) when "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)...." U.S.S.G. § 1B1.10(a). However, a reduction in sentence is not consistent with the policy statement and not authorized under 18 U.S.C. § 3582(c) if the covered amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

In the instant case, Defendant pled guilty to distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count Four). Based on the amount of crack cocaine involved in the offense, Defendant's base offense level was 34. (PSI ¶ 22.) He received a two-level downward adjustment for acceptance of responsibility. (PSI ¶ 28.) Thus, Defendant's Total Offense Level became 32. (PSI ¶ 30.)

Because Defendant was a career offender with two previous felony convictions for crimes of violence, his base offense level was increased to 37 under Section 4B1.1 of the Sentencing Guidelines, not Section 2D1.1. (PSI ¶ 31 and 32.) His Enhanced Offense level, after a 2-level reduction for acceptance of responsibility was 35. (PSI ¶ 33 and 34.) Additionally, based on the career offender designation, Defendant's criminal history became a category VI. (PSI ¶ 43.) As such, the guideline imprisonment range was 292 to 365 months. (PSI ¶ 77.)

At the sentencing hearing on February 7, 2007, Defendant argued that his criminal history was overrepresented by his career offender status and that a departure under U.S.S.G. § 4A1.3 was appropriate. The Court concurred with the career offender calculation but found that a sentence within the career offender guideline range was unreasonable. (D-89, p. 20, 22.) After considering the factors in 18 U.S.C. § 3553(a)(1), including the nature and circumstances of the offense and the history and characteristics of the Defendant, the Court found a sentencing of incarceration of 235 months was sufficient but not greater than necessary to accomplish the statutory purposes of sentencing. In so finding, the

Court looked at the enhanced total offense level of 35 and the unenhanced criminal history category of IV, which dictated a sentencing guidelines range of 235 to 365 months. (D-89, p. 22-23.) The Court sentenced Defendant to a term of imprisonment of 235 months. (D-74, 75, D-89, p. 23.)

Defendant's sentence for his crack cocaine offense did not rest on § 2D1.1 of the Sentencing Guidelines. Rather, Defendant's applicable guideline range was ultimately determined by § 4B1.1 and, as such, Amendment 750 has no application in this instance. While the Court first calculated Defendant's offense level pursuant to § 2D1.1, the Court then determined Defendant's scoring under the career offender guidelines § 4B1.1 which subjected Defendant to an increased sentence. While the Court essentially found that the career offender criminal history of VI overrepresented the seriousness of Defendant's criminal history, the Court departed downward as to Defendant's criminal history category only. Notably, the total offense level of 35 directed by the career offender guideline remained unchanged. As a result, ultimately, Defendant was not sentenced based on the drug quantity, but rather his prior criminal history.

As at the time of sentencing, Defendant was found to be a career offender, the recent revisions pertaining to crack cocaine quantity do nothing to change the Defendant's guidelines range and do not provide a basis for the Court to reduce his sentence in accordance with 18 U.S.C. § 3582(c). United States v. Moore, 541 F.3d 1323, 1327 (11th Cir. 2008) (defendants not entitled to a sentence reduction under Amendment 706 where defendants' sentencing guideline ranges were based on career offender designation under § 4B1.1), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and Moore v. United States, 129 S.Ct. 1601 (2009). Granting a downward departure under § 4A1.3 did not change Defendant's offense level and does not make him eligible for a sentence reduction under the amendment. See United States v. Daniels, 345 F. App'x 527 (11th Cir.2009) (discussing Amendment 706).

IT IS therefore ORDERED that:

1) Defendant's Motion for a Reduction in Sentence in Accordance with Retroactive Change in the Sentencing Guidelines (D-102) is DENIED.

DONE AND ORDERED in Tampa, Florida, this 12th day of June, 2012.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT